IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NIKKI LOUISE ALEXANDER,              )<br>                                                           )<br>              Plaintiff,                         )<br>                                                           )   No. 2:20-cv-03389-DCN<br>         vs.                                          )<br>                                                           )   **ORDER**<br>PHARMERICA LOGISTIC SERVICES, LLC  )<br>D/B/A PHARMERICA,                      )<br>                                                           )<br>              Defendant.                      )<br>_____) | |

The following matter is before the court on defendant Pharmerica Logistic Services LLC d/b/a PharMerica's ("PharMerica") motion to dismiss, ECF No. 7, and motion to stay, ECF No. 9. For the reasons set forth below, the court grants the motion to dismiss without prejudice and denies the motion to stay.

## I. BACKGROUND

This workers' compensation retaliation and defamation case arises from PharMerica's termination of plaintiff Nikki Louise Alexander ("Alexander") from her position as pharmacy director at PharMerica's Charleston, South Carolina location. Alexander alleges that she was injured at work on August 27, 2019 when a step stool slipped from under her. That same day, Alexander notified her supervisor of her injury by email. On September 6, 2019, PharMerica discharged Alexander from her position. Alexander alleges that PharMerica provided pretextual reasons for her termination. After her termination, Alexander filed a claim for workers' compensation with the South Carolina Workers' Compensation Commission, which remains open. Alexander also

1

filed claims with the Equal Employment Opportunity Commission ("EEOC") and Occupational Health and Safety Administration ("OSHA").

On August 21, 2020, Alexander filed this action against PharMerica in state court, alleging claims of workers' compensation retaliation and defamation. ECF No. 1-1, Compl. On September 24, 2020, PharMerica removed this case to federal court. ECF No. 1. On October 22, 2020, PharMerica filed a motion to dismiss. ECF No. 7. On November 5, 2020, Alexander responded, ECF No. 10, and, on November 12, 2020, PharMerica replied, ECF No 13. On November 5, 2020, PharMerica also filed a motion to stay. ECF No. 9. On November 9, 2020, Alexander responded, ECF No. 11, and, on November 12, 2020, PharMerica replied, ECF No. 12. The court held a hearing on the motions on January 13, 2021 (the "January Hearing"). As such, these motions have been fully briefed are now ripe for review.

## II.  STANDARD

### A.  Motion to Dismiss

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him

to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### B. Motion to Stay

"A court has the power to stay proceedings, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Cty. of Charleston, S.C. v. Finish Line Found. II Inc., 2018 WL 3303197, at *2 (D.S.C. July 5, 2018) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In considering whether to grant a discretionary stay, the court "must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254, 255 (citing Kansas City S. Ry. Co. v. United States, 282 U.S. 760, 763 (1931)).

## III.   DISCUSSION

### A. Motion to Dismiss

PharMerica asks the court to dismiss Alexander's first cause of action for workers' compensation retaliation on the grounds that Alexander failed to plead the first

3

element of the claim. In South Carolina, "[n]o employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the South Carolina Workers' Compensation Law . . . ." S.C. Code Ann. § 41–1–80. "In order to prove a claim under § 41–1–80, a plaintiff must establish three elements: 1) institution of workers' compensation proceedings, 2) discharge or demotion, and 3) a causal connection between the first two elements." Hinton v. Designer Ensembles, Inc., 540 S.E.2d 94, 97 (S.C. 2000) (citing Hines v. United Parcel Service, Inc., 736 F. Supp. 675 (D. S.C. 1990)). The burden of proof is on the employee. S.C. Code Ann. § 41–1–80.

The South Carolina Supreme Court has indicated that § 41–1–80 does not "require a formal filing of a Workers' Compensation Claim by the employee," reasoning that "[t]he purpose of this statute cannot be avoided by firing an injured employee before he or she files a claim." Johnson v. J.P. Stevens & Co., Inc., 417 S.E.2d 527, 529 (S.C. 1992). Rather, "the employer's agreement to pay or payment of medical care or the employer's receipt of written notice from an independent health care provider in the form of a bill for medical services rendered to an injured employee" can be sufficient to satisfy the first element. Id. As explained in this district,

> while the mere seeking and receiving of medical treatment is not sufficient to constitute the institution of a workers' compensation claim, an employee's seeking or receiving of medical treatment from the employer accompanied by circumstances which would lead the employer to infer that a workers' compensation claim is likely to be filed is sufficient to institute a workers' compensation proceeding for the purposes of Section 41–1–80. [ ] . Each case must be analyzed individually, and this court does not seek to delineate a single factor which would signify the institution of a proceeding.

4

Atkinson v. House of Raeford Farms, Inc., 874 F. Supp. 2d 456, 475 (D.S.C. 2012). With respect to the causal connection element, a plaintiff must show that his workers' compensation claim was a substantial factor in bringing about his discharge, or that the "retaliation was an important fact motiving his discharge." McPeak v. Steel Heddle Mfg. Co., 1991 WL 206567, at *2 (S.C. Com. Pl. May 20, 1991) (quoting Wallace v. Milliken & Co., 389 S.E.2d 448, 450 (S.C. Ct. App. 1990)).

Alexander fails to state a claim with respect to the first element of workers' compensation retaliation. While Alexander alleges that her "workers' compensation claim continues to the present and is pending before the South Carolina Workers' Compensation Commission," Compl. at ¶29, Alexander did not file this claim before her termination. Alexander only alleges that she notified PharMerica on August 27, 2019 by email that she had fallen and was injured that day. Alexander does not allege that she received medical care for her injury prior to termination, much less that she asked PharMerica to pay for her medical care or that they agreed to do so. Alexander also does not allege any other communications with PharMerica regarding her injury prior to her termination.[1] She simply alleges that she continued to be in pain and that she worked from home on September 3, 4, and 5, 2019, notably during a mandatory hurricane evacuation. PharMerica would not infer that a workers' compensation claim was likely to be filed based on these facts. See Barton v. House of Raeford Farms, Inc., 745 F.3d 95, 110 (4th Cir. 2014) (reversing district court's finding of workers' compensation

---

[1] While Alexander alleges that she "was in touch with her supervisor during the time between her injury on August 27, 2019 and her termination on September 6, 2019," ECF No. 10 at 6, she does not allege that she was "in touch" regarding her injuries nor does she provide any details about the nature or extent of these communications.

retaliation where the district court "failed to follow the jurisprudence of the South Carolina Supreme Court and did not require plaintiffs to show either (1) that [the employer] agreed to pay for the plaintiffs' medical care or (2) that [the employer] received a bill for the plaintiffs' care from an independent health care provider."). Therefore, Alexander has failed to state a claim for workers' compensation retaliation under § 41–1–80, and the court dismisses this claim without prejudice.

Alexander asks this court to grant her leave to amend her complaint so that she may allege additional facts related to PharMerica's notice of her impending workers' compensation retaliation claim. Rule 15(a) (1) of the Federal Rules of Civil Procedure allows a party to amend its complaint once as a matter of course within 21 days of serving the complaint, or within 21 days after service of a motion to dismiss. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its complaint "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Federal Rules instruct courts to "freely give leave when justice so requires." Id. As such, the court grants Alexander leave to amend her complaint within fourteen days of the date of this order.

  2. **Motion to Stay**

PharMerica additionally asks this court to stay the action pending the resolution of Alexander's administrative complaints before the EEOC and OSHA. Alexander filed a Charge of Discrimination with the EEOC, alleging that PharMerica discriminated against her in violation of her rights under the Americans with Disabilities Act and amendments thereto. During the January Hearing, the parties informed the court that Alexander received a notice of the right to sue from the EEOC, rendering the motion to stay moot

with respect to her claim before the EEOC. As such, the court will only address the motion to stay with respect to her claim before OSHA.

Alexander's administrative claim with OSHA alleges that she was terminated in violation of the whistleblower provisions of Section 402 of the Food and Drug Administration's Food Safety Modernization Act ("FSMA"), 21 U.S.C. §1012. Notably, Alexander has not brought a related FSMA claim before this court. And because the court has dismissed without prejudice Alexander's workers' compensation retaliation claim, the only claim remaining before the court is her defamation claim. Alexander argues that the court should not stay her defamation action until resolution of her FSMA claim before OSHA because such resolution could take several years and this delay would "greatly prejudice" Alexander. ECF No. 11 at 2. The court agrees. Alexander's defamation and OSHA claim are factually related to the extent they both relate to Alexander's competency at her job. However, the court is not convinced that granting the stay would protect PharMerica from duplicate discovery efforts rather than simply delay the inevitable. Regardless, any prejudice to PharMerica from this factual overlap is outweighed by the prejudice to Alexander if the court were to put her case on a multi-year hold at the mercy of the vagaries of the administrative procedural system. Upon weighing the competing interests and in the interest of maintaining an even balance, Landis, 299 U.S. at 254, the court denies the motion to stay.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss and **DISMISSES** Alexander's workers' compensation retaliation claim without prejudice; the

court **GRANTS** Alexander leave to amend her complaint within fourteen days of the date of this order; and the court **DENIES** the motion to stay.

    **AND IT IS SO ORDERED.**

                                              **DAVID C. NORTON**
                                              **UNITED STATES DISTRICT JUDGE**

**January 21, 2021**
**Charleston, South Carolina**